UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TONJA S. STAMPLEY

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 08-461-SCR

### RULING

This case is before the court on an order to show cause. Record document number 21.

This case was reopened and the missing portion of the administrative record was filed by the Commissioner on July 27, 2009.[1] The Commissioner's Supplemental Certificate of Service filed on November 3, 2009 confirms that the Notice of Filing and the missing portion of the transcript of the administrative record, were mailed to the plaintiff at a new address obtained by the Commissioner.[2]

Under the case scheduling order,[3] within 60 days after the

---

[1] Record document numbers 18 and 19.

[2] Record document number 20.  The Commissioner explained that notice was first sent to the address on the docket sheet, but the mail was returned.  The Commissioner found the plaintiff's new address, mailed the copies to that address, and they have not been returned.
   Under Local Rule 41.3M, the plaintiff, who is now not represented by an attorney, must inform the court of her correct address and notify the court of any change of her address.

[3] Record document number 3.

Commissioner filed his most recent Notice of Filing the administrative record and served the plaintiff with the notice and copy of the record, plaintiff was required to file her Memorandum in Support of her appeal.  It has been more than six months since the Commissioner filed his notice and the missing portions of the administrative record, and more than three months since the Commissioner filed a Supplemental Certificate of Service.  Yet, the plaintiff has not filed her memorandum in support of appeal as required by the scheduling order, nor has she taken any other action to prosecute this case.

Under Rule 16(f), Fed.R.Civ.P. when a party fails to obey a scheduling order the court may impose sanctions up to and including dismissal as provided in Rule 37(b)(2)(A)(ii)-(vii), Fed.R.Civ.P.  Entry of dismissal or a default judgment as a sanction under Rule 16(f) is generally permitted only in the face of a clear record of delay or contumacious conduct by the party.  *Securities and Exchange Commission v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *citing*, *Durhan v. Florida East Coast Ry Co.*, 385 F.2d 366, 368 (5th Cir. 1967).  The two remaining prerequisites before these sanctions can be imposed are: (1)it must be clear that lesser sanctions would not serve the interests of justice, and (2) the court must consider alternative, lesser sanctions and explain why they are not sufficient and why dismissal is the only appropriate remedy. *Id.*; *Bann v. Ingram Micro, Inc.*,

108 F.3d 625 (5th Cir. 1997).  In other words, the court must expressly consider alternative sanctions and determine that they would not be sufficient to prompt diligent prosecution, or the record shows that lesser sanctions have been imposed that in fact proved to be futile.  *First Houston*, supra.; *Roberts v. Storage and Relocation Services Inc.*, 34 Fed.Appx. 962 (5th Cir. 2002); *Elizondo v. Pilgrim's Group, Inc.*, 100 F.3d 952 (5th Cir. 1996).

As set forth above, a clear record of delay is established by the inactivity in this case since July 27, 2009.  Plaintiff was ordered to show cause, in writing, on February 12, 2010, why her complaint should not be dismissed or other sanctions imposed for failure to obey the scheduling order in this case.  A written response to this order was required.  Plaintiff was warned that her failure to timely file a written response to the order may result in the dismissal of her case.  Plaintiff did not file any response to the show cause order.

In these circumstances, it is highly unlikely that the imposition of any lesser sanctions would result in the plaintiff diligently prosecuting her claim.  Since the case was reopened approximately seven months ago many efforts, apparent from the record, have been made by the Commissioner, plaintiff's former attorney and the court to advise the plaintiff that the case was

3

proceeding and she needed to take some action to avoid dismissal.[4] Plaintiff has failed to advise the court or the Commissioner of her current address, or make any contact to indicate that she intends to pursue her Social Security appeal. The case cannot proceed if the plaintiff does not take any steps to prosecute her case. Thus, it appears that the plaintiff has lost interest in her case. Any sanction less than dismissal would be futile and would not serve the interests of justice.

Accordingly, the plaintiff's claim will be dismissed with prejudice for failure to obey the scheduling order and file her memorandum in support of her appeal.

Baton Rouge, Louisiana, February 25, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Even though the plaintiff did not keep her former attorney or the court advised of her correct address, the Commissioner was able to find a current address and this address was added by the clerk of court. The clerk mailed the show cause order to both the old and new address. The record reflects that the mailing to the new, North Lobdell Avenue address was returned as undeliverable. Furthermore, plaintiff's former attorney was advised of the show cause order and through the Legal Services agency, made a diligent attempt to inform the plaintiff of the order by mailing it to every address they had listed for her. Record document numbers 15, 20-23.